UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 21-20460
                                                Hon. Jonathan J.C. Grey

ABREY ARMON WILLIS,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION (ECF No. 54)

### I. BACKGROUND

This matter is before the Court on Defendant Abrey Armon Willis's pro se motion to amend his sentence based on alleged amendments to the United States Sentencing Guidelines. (ECF No. 54.) On May 3, 2022, Willis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). United States District Judge Bernard A. Friedman sentenced Willis to 63 months of imprisonment on October 4, 2022, and a judgment against him was entered on October 5, 2022. (ECF No. 32.)

Judge Friedman determined that, based on Willis's total offense level of 17 and criminal history category of VI (a "very, very extensive criminal record"), Willis's guidelines range was 51 to 63 months. (ECF No. 38, 212, 215–217.) Judge Friedman then sentenced Willis to 63 months in prison, to be followed by three years of supervised release. (ECF No. 32.)

At sentencing, Judge Friedman strongly weighed Willis's criminal history and the fact that the firearm Willis possessed was loaded. (ECF No. 38, PageID.216–217.) Ultimately, Judge Friedman stated that although Willis's case was "a very good case to be departed upward[,]" he would instead apply the maximum under the sentencing guidelines because no other sentence would satisfy the guidelines and 18 U.S.C. Section 3553 factors. (ECF No. 38, PageID.217.) On appeal, the Sixth Circuit affirmed Willis's sentence. (ECF Nos. 42, 43.)

II.   **LEGAL STANDARD**

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Alexander*,

2

951 F.3d 706, 707 (6th Cir. 2019). District courts are granted authority to modify sentences under 18 U.S.C. § 3582(c) in certain circumstances.

Under the statute, a court may reduce a defendant's term of imprisonment if: (i) it finds that extraordinary and compelling reasons warrant such a reduction; (ii) it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) it finds the factors set forth in 18 U.S.C. Section 3553(a) weigh in favor of a reduction to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify reduction or release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

A court may reduce a defendant's term of imprisonment if: (i) a defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; (ii) it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) it finds the factors set forth in 18 U.S.C. Section 3553(a) weigh in favor of a

3

reduction to the extent they are applicable. 18 U.S.C. § 3582(c)(2). This provision is not applicable here as there has been no reduction in the relevant sentencing range. Consequently, the Court proceeds in its analysis under 18 U.S.C. § 3582(c)(1)(A)(i).

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

### III.  ANALYSIS

Preliminarily, the Court notes that it is unclear that Willis has exhausted his administrative remedies, which is grounds for denying the motion. Regardless, Willis has not shown extraordinary and compelling reasons for a sentence reduction. First, the Sixth Circuit has held that courts cannot consider "nonretroactive changes in sentencing law" as "'extraordinary and compelling reasons' that warrant relief." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc);

4

*see also United States v. Bricker*, No. 24-3286, 2025 WL 1166016 (6th Cir. Apr. 22, 2025).

First, there has not been a relevant amendment to U.S.S.G. § 4A1.2(e) since Willis's sentencing. Willis refers to a 2023 amendment to the Sentencing Guidelines, however, the specific provision to which Willis cites was in effect at the time of his sentencing and appeal. *See* U.S.S.G. § 4A1.2(e). This provision, in its entirety, reads as follows:

**(e) Applicable Time Period**

(1) Any prior sentence of imprisonment ***exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted***. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years ***of the defendant's commencement of the instant offense*** is counted.

(3) Any prior sentence not within the time periods specified above is not counted.

(4) The applicable time period for certain sentences resulting from offenses committed prior to age eighteen is governed by § 4A1.2(d)(2).

U.S.S.G. § 4A1.2(e) (emphasis added).

5

The ten year time frame under § 4A1.2(e) runs back from the date the instant offense was committed to the date the previous sentence(s) were imposed. In this case, the instant offense was committed on December 23, 2020, the date Willis possessed the firearm. Consequently, the ten year period would end in December 2010 and the fifteen year period would end in December 2005.

As both Judge Friedman and the Sixth Circuit explicitly stated, even disregarding the October 20, 2007 drug offense, Willis's criminal history points were well above the 13-point threshold needed to qualify for a criminal history category of VI. (ECF No. 38, PageID.211-212; ECF No. 42, PageID.253.) Because there was no change in the relevant guidelines and, even if there was, a non-retroactive change in sentencing law does not constitute an extraordinary and compelling reason, U.S.S.G. § 4A1.2(e) does not provide an extraordinary and compelling reason.

Finally, Amendment 829 to U.S.S.G. §5H1.1 also does not constitute an extraordinary and compelling reason. This amendment altered §5H1.1 which previously stated "[a]ge (including youth) may be

6

relevant in determining whether a departure is warranted" to read as follows:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

U.S.S.G. §5H1.1.

There is no indication that this amendment is retroactive. At the time of the instant offense Willis was 31 years old and his age was explicitly discussed at sentencing, as his counsel noted that brain development continues until the age of 35. (ECF No. 38, PageID.214.) However, Judge Friedman evaluated all of the relevant factors and found that a downward variance was not appropriate given Willis's extensive criminal history. For these reasons, the Court finds that Willis has not shown extraordinary and compelling reasons for a sentence reduction.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Willis's Motion for reduction in sentence (ECF No. 54) is **DENIED**.

**SO ORDERED.**

Date: August 1, 2025

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 1, 2025.

s/William Barkholz
sitting in for Sandra Osorio
Case Manager
